IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.     CAUSE NO. 1:18CR105-LG-RHW-1

**JOSEPH LAND**

### ORDER DENYING MOTION REQUESTING JUDICIAL RECOMMENDATION CONCERNING LENGTH OF RESIDENTIAL RE-ENTRY CENTER PLACEMENT PURSUANT TO SECOND CHANCE ACT OF 2007

BEFORE THE COURT is the pro se [38] Motion Requesting Judicial Recommendation Concerning Length of Residential Re-Entry Center Placement Pursuant to Second Chance Act of 2007 filed by Defendant Joseph Land.  The Motion asks the Court for an order recommending that Bureau of Prisons ("BOP") place Land in the Residential Re-Entry Program ("RRP") for the final 12 months of his sentence.  For the reasons that follow, his Motion will be denied.

Joseph Land pleaded guilty to one count of possession with intent to distribute five grams or more of actual methamphetamine and was sentenced to a term of imprisonment of 84 months, with 4 years of supervised release and a $5000 fine.  His current scheduled release date is December 31, 2024.  Land says that he is classified in the lowest custody category.  He says that in his period of incarceration thus far, he has conducted himself as model inmate, obtained his G.E.D., taken additional life-skill courses, attended seminars and meetings related to substance

abuse, and otherwise taken every opportunity to prepare himself for success upon re-entry to society.

Land asks the Court to issue a recommendation, pursuant to 18 U.S.C. § 3621(b)(4), that the BOP place him into 12 months of pre-release custody in the RRP. He maintains that he meets all of the criteria for the program and asserts that less time (presumably 6 months) will not be sufficient for him to reestablish himself prior to fully joining the community. He does not want to be a recidivist and believes additional time in the RRP will be helpful in this regard.

The authority to determine a prisoner's place of confinement lies with the Bureau of Prisons. *See* 18 U.S.C. § 3621(b); *Tapia v. United States*, 141 S. Ct. 2382, 2390 (2011). "Two statutory provisions govern the BOP's authority to place inmates in its custody in RRCs[1]: 18 U.S.C. §§ 3621(b) and 3624(c)." *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010). Section 3621(b) "governs the BOP's authority in cases where a prisoner who has more than a year left to serve his or her prison sentence requests a transfer to a [RRC]." *Id.* Section 3624(c)(1), as amended by the Second Chance Act of 2007, provides that the BOP

> shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

---

[1] A "RRC" is a Residential Re-Entry Center.

18 U.S.C. § 3624(c)(1).  A sentencing court may recommend that a prisoner serve a term of imprisonment in the RRP.  18 U.S.C. § 3621(b).  Although a judicial recommendation is one factor that the BOP considers in determining a prisoner's placement, a recommendation has "no binding effect" on the BOP to determine or change a prisoner's placement.  18 U.S.C. § 3621(b).

The Court has no reason to doubt the representations made by Land or the sincerity of his desire to succeed upon reentry into the community.  Land, however, has completed less than half of his term of imprisonment.  The Court hopes that Land's positive and productive use of his time will continue for the remainder of his sentence, but it is far too early to predict what his status will be in 3 or 4 years.  Moreover, there is no basis upon which the Court can distinguish between Land and other inmates who may be eligible for assignment to the RRP.  In the opinion of the Court, the BOP "is in the best position to evaluate the defendant's ability to successfully adjust and re-enter the community, given that Bureau employees have worked directly with defendant and are privy to complete records regarding defendant's progress."  *United States v. Washington*, No. CR.A. 00-256, 2004 WL 764184, at *1 (E.D. La. Apr. 6, 2004).  Accordingly, Land's Motion will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [38] Motion Requesting Judicial Recommendation Concerning Length of Residential Re-Entry Center Placement Pursuant to Second Chance Act of 2007 filed by Defendant Joseph Land is **DENIED**.

-4-

**SO ORDERED AND ADJUDGED** this the 23rd. day of April, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE